## MILLISON et v DRAKE et

Ohio Appeals, 2nd Dist, Franklin Co
No 1904. Decided July 24, 1930

D. B. Sharp, Columbus, for Millison, et.

Wilson & Rector, Columbus, for Defendant in Error, the Buckeye State Building & Loan Co.

C. P. McClelland, Columbus, for Beneficiaries under will of Stephen C. Priest, deceased.

George Marshall and D. W. Gearheart, both of Columbus, for Defendant in Error William B. Drake.

HORNBECK, J.

The issue presented is, did the Priests, the widow and children of Stephen C. Priest, deceased, by their deed of general warranty, convey such an interest in the real estate described in the second cause of action of the petition as supported a valuable consideration therefor.

Their interest under the will at the time the deed was made, was a life estate in the widow of Stephen A. Priest, deceased, with a vested remainder in his children, the share of each child subject to be divested at the death of the widow, if such child were dead leaving child or children then living. **Jeffers vs. Lampson, 10 Oh St 101. Niles et al vs. Gray, 12 Oh St. 320.**

As suggested by counsel for defendant in error, the Buckeye State Building & Loan Company, the principal test of a vested estate is the power of alienation. All of the children who survive their mother, though they may take a greater share than they possessed at the time of making the deed, will be estopped under their covenant of general warranty, from asserting any right of title to the real estate in question.

At this time, the whole title in the real estate is vesed in the widow and her children, no superior claim of title has arisen, and there is nothing operating to warrant the plaintiffs in error demanding any relief under the covenants of seizin and general warranty of title in their deed.

In **11 Ohio Jurisprudence, Page 925,** it is said:

"It seems well established that no breach of the covenant of warranty occurs by reason of an outstanding title until there is some hostile assertion thereof, to which possession is yielded, or which is purchased in. It is not broken until the grantee, his heirs or assigns, is evicted or disturbed in the enjoyment of the premises by a superior title."

Also 1 Syl. **The Great Western Stock Co. vs. Felix Saas, 42 Oh St 542.**

Not only has the situation not reached the status set forth in the above quotation, but there is no outstanding title which can be asserted at this time.

In Stock Co. vs. Saas, supra, the deed carried covenants of general warranty and seizin and was made by a grantee claiming under a deed from the life tenant only, yet the Court at Page 549 said:

"The Great Western Stock Company was in undisturbed possession of the lands, under its deeds from Saas. By this deed Saas had undertaken to convey to the stock company the whole of the premises in fee, with covenants of seizin and general warranty of title. According to the well settled law of this state applicable to the undisputed facts of this case, there has been no breach of either of these covenants at the date of the judgment."

"It is not claimed that the covenant of general warranty has been broken; and it is no longer an open question in this state that a covenant of seizin is not broken until eviction, either actual or constructive, in a case where the grantor was in actual possession of the lands at the time of conveyance, and where the grantee entered under the deed. **23 Oh St 584,** and cases there cited."

The part of the quotation underscored disposes of the claim that the covenant of seizin has been broken in this case and the citations from Thompson on real property to support the claim.

If this transaction between Drake and the Millisons had been a cash purchase of the real estate, there would be no question that they would not at this time have any legal or equitable action against the Drakes. First, because there is no paramount title to that which comes from the Priests, and second, no person is seeking to assert any superior title.

But it is asserted that **11902 GC.** applies. We do not think so. As a basis for any form of relief provided in the section, there must be a breach of the covenant of title and a claimant of an adverse interest, neither of which is found here.

In addition to invoking the provisions of **11902 GC,** the plaintiffs in error seek relief on the equity side of the court. There are equities with them which appeal to the court. There is a possibility, which seems remote, that their title may be impaired. It is true that the land will not sell for as high a price as a perfect title would assure. However, plaintiffs in error had full advantage of the title record and by their deed secured all that the record would support and in addition thereto the covenant of seizin and general warranty from defendant in error Drake. In **Hays v. Skidmore, et al., 27 Oh St, 331,** cited by counsel for plaintiffs in error, Hays received but three-fourths of that which his deed purported to convey to him. There is no doubt that the Priests held a vested title in the property conveyed. There is left to the plaintiffs in error their right of action on the covenants in their deed, when and if it

develops, which is at law only. Note to **Foote vs Burnet, 10 Ohio 319.** to attempt to protect the plaintiffs in error from a contingency upon which they were put upon notice would logically provoke a series of suits between Drake and his predecessors in title all based upon the happening of an event which may never occur. We do not believe the facts require equitable intervention by the court.

Our attention has been directed to the cases of **McCarthy v Hensel, et al., 4 Oh Ap 425,** and **LaRoche v LaRoche, 10 Oh Ap 242.** We have examined both of them carefully and are satisfied that the courts in both instances were correct in their judgments. However, in both of them, an event had occurred which divested those who had attempted to convey their interests by deeds of general warranty, and the court properly held that for this reason, the deeds did not operate to pass the title to the grantees. The second proposition of the syllabus of McCarthy versus Hensel et al, seems to be in conflict with our decision in this case, and for that reason, we are willing, if desired, to make certificate of conflict to the Supreme Court of Ohio.

We find no error in the judgment of the trial court and it is therefore affirmed.

Kunkle and Allread, JJ, concur.