**BURKEY et v**
**CANAL WINCHESTER BANK**

Ohio Appeals, 2nd Dist, Franklin Co

No 2426. Decided March 22, 1935

William K. Williams, Columbus, and Lee
F. Johnson, Columbus, for plaintiffs in
error.

Tussing & Lane, Columbus, and James I.
Boulger, Columbus, for defendant in error.

## OPINION

By HORNBECK, J.

We have set forth with more than usual detail the pleadings because they are involved and it is necessary to relate them together with the demurrers and motions, to appreciate the issues and how presented.

The primary issue is whether or not Pearl, Oscar and Joseph, by the execution and delivery of their mortgage deed to Woods, Cashier, securing the $3600.00 note, estopped themselves from denying their subsequent acquired title against the Bank, the successor of Woods, Cashier.

The Bank contends that by virtue of the language of the mortgage deed and particularly the granting clause, the covenants of seizin and warranty, are Burkeys, defendants, estopped to assert any after acquired title against the Bank. Burkeys, defendants, claim that they did not convey

and grant the premises described in the mortgage, but only their right, title and interest therein; that the clause of warranty related to and rose no higher than that interest which was set forth in the granting clause; that the mortgage deed, reciting the source and nature of title of Wilson Burkey and Pearl, Oscar and Joseph, the predecessor in title of the Bank knew that they had no present interest to convey.

In support of the contention of plaintiff in error we are cited to the following Ohio cases: White v Brocaw, 14 Oh St, 339; Bonner v Ware, 10 Oh St, 466; Dungan v Kline, 81 Oh St, 371; Union Savings & Trust Co. v Sewall, 8 N.P., 681; Kerr v Lydecker, 51 Oh St, 249.

Supporting the claim of defendant in error the following Ohio authorities are referred to: 16 O. Jur., 559-570, 571, 572; Shields v Lakin, 21 Oh St, 660; Boyd v Longworth, 11 Ohio, 235; Philly v Sanders, 11 Oh St, 490; Bond v Swearingen, 1 Ohio, 395; Millicent v Drake, 37 Oh Ap, 559, (8 Abs 578), 123 Oh St, 249; Hart v Gregg, 32 Oh St, 502; Rosenthal v Mayhugh, 33 Oh St, 155; Garlick v Railway, 67 Oh St, 223; Williams v Haller, 13 N.P. (N.S.) 329.

Both parties cite and comment freely upon text and authorities outside of Ohio.

Nowhere is there set forth a full draft of the mortgage deed under consideration. The original petition quotes part of it. The answer and cross-petition of the Bank quotes another part. We are confined to the pleadings, as the case was determined on demurrers and motions.

The granting clause of the mortgage deed read:

"Do hereby grant, bargain, sell and convey to the said E. B. Woods, Cashier, heirs and assigns forever, all our right, title and interest in and to the following real estate," etc., (describing the land under consideration in this case), "and both tracts being the premises devised by Joseph Burkey, now deceased, to Wilson Burkey and the heirs of his body, by will admitted to probate November 26, 1886, and recorded in Will Record 'K' page 93, Will Records of Franklin County, Ohio."

We do not have the habendum clause. The covenants of seizin and warranty as appear in the answer of the Bank are:

"And the said Wilson E. Burkey, Joseph C. Burkey, Pearl R. Burkey and Oscar A. Burkey, for themselves and their heirs, do hereby covenant with the said E. B. Woods, cashier, his heirs and assigns, that they are lawfully seized of the premises afore-

said; that said premises are free and clear from all encumbrances whatsoever; and that they will forever warrant and defend the same with the appurtenances unto the said E. B. Woods, cashier, his heirs and assigns, against the lawful claims of all persons whomsoever."

It will be noted that the granting clause is limited to "our right, title and interest in and to the following real estate," and the land is expressly described. The mortgagors covenant that they are lawfully seized of the premises.

At the outset it is conceded by all parties that the Burkeys who signed the mortgage, other than Wilson E. Burkey, the first donee in tail, had no interest in the property mortgaged except a mere expectancy. The granting clause is definitely limited to "our right, title and interest in and to the following real estate," specifically describing it. Then follows direct reference to the will of Wilson Burkey and the character of the estate therein devised to the mortgagors, namely, to Wilson Burkey and the heirs of his body."

There is a covenant that the mortgagors are lawfully seized of the premises aforesaid. "The technical meaning of the word 'premises' in a deed is all that precedes the habendum." Brown v Manter, 21 N. H. (1 Fost.) 528.

It has been held that:

"Conveyance merely of seizin and right to convey will not estop the grantor from asserting a subsequently acquired title." Allen v Sayward, 5 Greenl., 227, (Me.); 17 Am. Dec. 221.

In **11 O. Jur., 915,** it is said:
"The covenant of seizin is one of very general use in Ohio. It is designed to be an assurance to the purchaser that the grantor has the very estate in quantity and quality which he purports to convey." Citing **Wetzell v Richcreek, 53 Oh St.**

The covenant of seizin of the premises then, in the mortgage deed under consideration, only had the effect of an assurance to the mortgagee that the grantors had the estate which they purported to convey, namely, their right, title and interest in and to the real estate described, as created by the will of Joseph Burkey, deceased.

But counsel for the Bank has not laid so much stress upon the covenant of seizin but relies particularly upon the covenant of warranty. There are many broad statements as to the effect on the mortgagor of the covenant of warranty on after acquired interests in real estate. The principle of estoppel is invoked to prevent a grantor in a deed from denying title to land of the nature and to the extent which he purported to convey and which he specifically warranted.

In Rawle on Covenants of Title, 338, it is said:

"Nor is there any doubt that a party is estopped from denying the operation of a deed according to its intent where either by recital, admission, covenant or otherwise it appears that a certain estate was intended to be conveyed."

In **16 O. Jur., 569,** the general rule is well stated:
"If the grantor having no title, a defective title or an estate less than that which he assumes to grant, conveys with warranty or covenant of like import and subsequently acquires title or estate which he purports to convey, or perfects his title, such after-acquired title or after-perfected title inures to the benefit of the grantee by way of estoppel."

It should, however, be observed in the mortgage deed under consideration that the Burkeys did not purport to convey any title other than that which they were to take under the will of their grandfather, Joseph Burkey, as issue of the first donee in tail, Wilson Burkey.

Of course, it is recognized that the word "premises" frequently is used in conveyancing as synonymous with the land described but without something more than a mere description of the land there would be nothing from which the quality of the estate conveyed could be determined. The trial court gave consideration to the fact that the sons, issue of the donee in tail, with their father, signed the note and also the mortgage, and that it must have been in contemplation of the parties that something of value was intended to be conveyed by the mortgage. This viewpoint could be accepted if it were not for the obligation of the court to give meaning to the technical language employed in the instrument. There is no ambiguity in the instrument and, therefore, no necessity for going beyond the specific terms of the mortgage deed to define its meaning.

It might be conjectured that the mortgagee misinterpreted the title of "the sons of the donee in tail" and was of the opinion that they had some vested interest in the

real estate described and upon this theory took their signatures to the mortgage.

It is a settled rule of construction that the granting clause of a deed may limit and control the covenant but the covenant can never enlarge the premises. General covenants will be construed as limited to the premises and estate intended to be conveyed. They are intended to protect and can not be construed to enlarge the estate granted. Lamb, 14 Fed. Cases, page 1042, case No. 8024; Reynolds v Shearer, 59 Ark., 299. We are quoting from The Fountain Square Theatre Co. v Elizabeth C. Pendery, 3 O.N.P. (N.S.) 41, a nisi prius opinion, well considered and citing many authorities, wherein it was held that:

"A covenant of special warranty against the acts of the grantor contained in a deed, conveying only the 'right, title and interest' of the grantor, cannot enlarge it, but is limited to the estate granted."

The judgment in this case was affirmed under the same title in 6 O.C.C. (N.S.), 78.

In Meek v Breckenridge, 29 Oh St, 642, where, as against an action for purchase money, the grantee undertook to assert as a breach of covenant of warranty the right of an adjoining tenant to cut off roof and eaves which were projecting over onto the adjoining tenant's land, the court held that:

"If the right to such projection and its use belonged to the grantor at the time of the conveyance it passed to his grantee as an appurtenance to the parcel granted."

At page 648 the court says:
"The covenants in the deed are co-extensive with the land described and its incidents and appurtenances, but they have no wider scope or effect."

We are of the opinion that this case is controlled by White v Brocaw, supra, decided in 1863, opinion by Judge Ranney, which has not been modified, qualified or reversed. The second proposition of the syllabus is:

"Where in a deed, in the ordinary form of bargain, sale and release, and which purports only to convey to the grantee 'all the estate, right, title, interest, claim and demand, both in law and equity,' of the grantors, 'of, in and to the said premises, and every part thereof,' containing no recital or other description whatever, of any particular interest owned or possessed by the grantors, or intended to be conveyed, a covenant is inserted, by which the grantors agree to 'warrant and forever defend the said premises against all persons claiming or to claim, by, from or under them, their heirs or assigns,' such covenant is only co-extensive with the grant, and binds only the vested interests of the grantors in the property at the time, and does not extend to an after-acquired title."

The grant in the instant case is not as broad as the grant in the cited case. The covenant of warranty is somewhat different. In the instant case as we have no evidence but are determining it upon the averments of the pleadings, and the meaning and intent of the mortgage deed must be found in the language therein employed.

The opinion in White v Brokaw, at page 343, quotes with approval from Rawle on Covenants, 420:

"'There is still another qualification to the doctrine of estoppel being caused by a covenant of warranty, which is that where the deed does not, on its face, purport to convey an indefeasible estate, but only the "Right, title and interest" of the grantor, even although the deed may contain a general covenant of warranty, yet, in cases where that covenant is held to be limited and restrained by the estate conveyed, and not to warrant a perfect title, the doctrine of estoppel has been held not to apply; in other words, although a warranty is invested with the highest functions of an estoppel in passing, by mere operation of law, an after-acquired estate, yet it will lose that attribute when it appears that the grantor intended to convey no greater estate than he was possessed of'." (Emphasis ours).

In this case as in the cited case the doctrine of estoppel, by reason of the general covenant of warranty, must be qualified and held not to apply because it clearly appears that the mortgagors intended to convey no greater interest than that of which they were possessed.

An annotation to U. S. National Bank v La Grande, 58 A.L.R. 345, is an exhaustive treatise on the subject:

"Nature of conveyance or covenants which will create estoppel to assert after-acquired title or interest in real property."

The annotator cites Gilmar v Poindexter, 10 How. (U.S.) 257, 13 L. Ed. 411, wherein it is said:
"To the success of an estoppel on the

part of the grantor against assertion of an after-acquired title it is necessary that his want of a present vested estate should not appear in the deed itself."

And also:

"One will not be estopped from asserting an after-acquired title or interest by reason of a deed or mortgage, where the truth respecting his interest appears by the same instrument or where it appears thereby that he had nothing to grant or only a possibility." (Citing a number of English cases).

A case which parallels the instant case in many particulars is found in Cooper v Robinson et, (Ill.), 134 NE 119. One of the mortgagors gave to Miller a mortgage securing $500.00, at which time one of the mortgagors had a lesser interest than he acquired about a year later under the will of his brother. The granting clause of the mortgage provided that the mortgagors:

" 'do hereby grant, bargain, sell and convey * * * all their right, title, and interest in and to an undivided one-fourth interest' in the half section of land in question."

The mortgage contained the following covenants:

" 'And the said parties of the first part * * * covenant and agree * * * that they hold the said premises by title in fee simple; that they have a good and lawful authority to sell the same; that the said premises are free and clear of all liens and incumbrances whatsoever; that they will warrant and defend said premises against all lawful claims of all persons whomsoever.' "

The court at page 120 of the opinion says:

"The first question in the case is whether or not the Miller mortgage was a lien on the land acquired by Arthur (one of the mortgagors) under the will of George. The rule is well established that where the mortgagor does not have the title covenanted, but subsequently acquires such title, it inures by way of estoppel to the mortgagee. In this case, however, while the mortgagors covenanted that they held 'the premises' conveyed by title in fee simple, the mortgage also showed that they mortgaged only 'all their right, title, and interest in and to an undivided one-fourth interest' in the half section of land. The language 'the premises,' as used in a conveyance, means that which is conveyed. Holbrook v Debo, 99 Ill. 372; Miller v Ewing,

6 Cush. (Mass.) 40; Blanchard v Brooks, 12 Pick. (Mass.) 47. In the last cited case the court says:

" 'The grant in the deed is of all his right, title, and interest in the land, and not of the land itself, or any particular estate in the land. The warranty is of the premises; that is, of the estate granted, which was all his right, title, and interest. It was equivalent to a warranty of the estate he then held or was seized of, and must be confined to estate vested.'

"The basis of the rule that a subsequently acquired title passes by a deed containing covenants of warranty is that it effectuates the real intention of the parties, which is that the title in fee to the land shall be conveyed by the instrument. Bennett v Waller, 23 Ill. 97. Here the mortgage purports to convey only the right, title, and interest held by the mortgagors in the land described."

In Habig v Dodge, (Ind.) 25 NE 182, the court held that:

"A warranty deed by an heir of all his 'reversionary right, title and interest' in land of his ancestor will pass a title thereto afterwards inherited by him, though he had no reversionary interest as his ancestor owned a fee."

The court, however, discussing the subject, said at page 185:

"The general proposition is abundantly maintained that a deed of release or quit-claim, or a conveyance of the 'right, title and interest' of the grantor, even though it be with full covenants of warranty, without designating in the instrument any particular estate, either as owned by the grantor or as conveyed by the deed, operates simply to transfer whatever interest the grantor may have had at the time. The addition of covenants of warranty does not enlarge the granting clause in the deed, the general rule being that the covenants are restrained by, and are only co-extensive with the granting clause."

Citing Rawle on Covenants.

We consider briefly most of the Ohio cases cited by counsel for the Bank. **Boyd v Longworth,** 11 Ohio, 235, does not reach our specific question. **Philly v Sanders et,** 11 Oh St, 490, at page 493, says:

"The instrument is in the usual form of a deed, conveying the land to the grantee * * * in fee simple, with the usual covenants of warranty by the grantor * * *."

(Emphasis ours).

It will be noted that although the grantee undertook to convey a fee simple title he was not vested with such title, although in possession. He undertook to convey that which he did not have by which act he was estopped· when vested with title.

Shields v Lakin, 21 Oh St, 660. P. died testate, leaving nine children and a widow. By the will testator gave a property to the widow for life and directed that each of five named daughters be paid legacies of $150.00 to make them equal with the other four children who had left home.

The will further provided that at the death of the widow the property should be sold by the "heirs" and proceeds remaining after payment of the $150.00 to each of the five daughters be divided equally among all the children or their legal representatives. The five daughters who were to be paid the legacies of $150.00 died unmarried, without issue and intestate, prior to the death of the widow. Three of the other four children and the heirs of the fourth survived the widow. Of these three children, prior to the widow's death, two of them conveyed to the third for full consideration "their interest in the real estate left by the testator, specifying in the deeds, the quantity of interest thus conveyed, including the interest devised to them by the testator and also that acquired by descent from the deceased sisters."

The deeds contained covenants of true and lawful ownership, and quantity of interest conveyed full power to convey and covenants of general warranty.

After the death of the widow the grantors in the deeds filed their petition for the sale of the land to pay the legacies given to the deceased sisters, claiming a share in those legacies as heirs at law of the sisters; held that said grantors are estopped by their covenants of warranty from having the land sold to pay the legacies.

It is probable that at the time of the making of the deed by the two children to the children of the third child of the testator the grantors had a vested interest. The grantors not only granted the interests devised to them by the testator, but also that acquired by descent from the deceased sisters. They also covenanted to be the owners of the estate conveyed. McCarthy v Hansel, 4 Oh Ap, 425. The grant in their deed included the interests which they later sought to assert in their suit.

We are also cited to 16 O. Jur., 559.

"A person who assumes to convey an estate by deed is estopped as against the grantee and those in privity with him to assert anything in derogation of the grant. Likewise a mortgagor is estopped as against the mortgagee and those in privity with him to assert anything in derogation of the grant." Citing Bond v Swearingen, 1 O. 395; Jones v Timmons, 21 Oh St, 596; Magruder v Esmay, 35 Oh St, 221.

The clear distinction here is that the grantors are not asserting anything in derogation of their grant.

Rosenthal v Mayhugh, 33 Oh St, 155. Here it appears that the wife and children expressly represented that the husband and father, who had been unheard of for more than seven years, was dead and exchanged property which was in his name, the wife joining in a deed of general warranty. The husband 'returned and instituted an action to secure his interest in the property conveyed. The wife in this action undertook to assert her dower right. It is obvious that she should be estopped, not only by the recitals in the deed, but by her representations.

In Millison v Drake, 37 Oh Ap 559, (8 Abs 578) it was held that:

"Holders of vested remainders, to be divested on contingency, joining with life tenant in general warranty deed, conveying fee, will be estopped from asserting title, though they may take greater share at life tenant's death than they possess when making deed."

The emphasis, which is ours, indicates the distinction between the cited and the instant case.

Williams v Haller, 13 N.P. (N.S.) 329. In this case the plaintiff in partition undertook, as an heir of the body of his mother, Amanda Chamberlain, to assert title to property to which he claimed an interest under the will of his grandfather in which he devised the real estate to Amanda Chamberlain "for the term of her natural life and at her decease to go to the heirs of her body in fee." Plaintiff claimed that the estate created by the quoted portion of the will was a fee tail in Amanda Chamberlain, and that he took only upon her death as her issue.

The court held against the claim of the plaintiff for several reasons. Among others, because the plaintiff at the death of testator took a vested remainder under the will, and in a prior partition proceeding in which the plaintiff was a party defendant and duly before the court there was an adjudication that he was then the owner of a vested· remainder in fee simple subject to

the life estate of his mother, that the property was sold and plaintiff shared in the proceeds. The court held that he was estopped to deny collaterally the judgment fixing the nature and extent of his title. The plaintiff also, with his mother and her three children, had conveyed by mortgage deed "all their right, title and interest to the property devised to them by the will" under consideration, which mortgage also contained the usual covenant of warranty. The interest which the plaintiff conveyed by his mortgage was vested and his warranty clearly estopped later assertion of title, as did the judgment.

We find nothing in this case which is at variance with the principle which we have applied.

The plaintiffs in error have the right to assert their after-acquired title against the Bank under the will of Joseph Burkey, deceased, as of the date of the death of Wilson Burkey, the first donee in tail, which is as to each a fee simple title in the undivided one-fourth thereof. They are entitled to an accounting from the Bank for their share of the real estate which came to them from the will of Joseph Burkey as issue of Wilson Burkey.

Because of the determination to which we have come it is not necessary to consider specifically the questions presented by the demurrers and motions to the alternative defenses of the replies of the plaintiffs in error, Pearl and Oscar Burkey.

The judgment will be reversed and cause remanded for further proceedings according to law.

KUNKLE, PJ, and BARNES, J, concur.